COPY

FILED
U.S. DIST. COURT
BRUNSWICK DIV

JUL 7  1 16 PM '98

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WILSON HENDERSON, ] | |
| Petitioner, ] | |
| vs. ] | CIVIL ACTION NO.: CV298-89 |
| UNITED STATES OF AMERICA, ] | Underlying CR291-141 |
| Respondent. ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the FCI Marianna in Marianna, Florida, has filed an action under 28 U.S.C. § 1651, the All Writs Act, attacking the sentence imposed upon him by this Court in Case Number CR291-141. Respondent filed a Motion to Dismiss the petition. Petitioner has responded to the motion.

## STATEMENT OF THE CASE

Petitioner was indicted in a two-count indictment charging him with drug and firearms violations. Count one charged a violation of 21 U.S.C. § 841(a), possession with the intent to

distribute 173 grams of crack cocaine. Count two charged Petitioner with violating 18 U.S.C. § 924(c)(1), using or carrying a firearm during a drug trafficking crime. Petitioner was convicted, and this Court sentenced him to life imprisonment on count one and five years of imprisonment on count two. The Court imposed these sentences to be served consecutively.

The Eleventh Circuit Court of Appeals affirmed the convictions and sentences on November 7, 1995. The mandate was issued and filed on December 7, 1995. Respondent contends that this petition is properly construed as a Motion to Vacate or Correct a Sentence pursuant to 28 U.S.C. § 2255. As this motion was not filed within one year of the enactment of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), Respondent contends that this petition should be dismissed with prejudice.

In response to the Motion to Dismiss, Petitioner contends that he is actually innocent of the firearm charges as defined by the Supreme Court Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). As his claim of actual innocence is procedurally barred by the AEDPA, Petitioner contends that he is permitted to bring his cause of action under the All Writs Act. In support of his claim, Petitioner cites Triestman v. United States, 124 F.3d 361 (2d Cir. 1997).

## DISCUSSION AND CITATION OF AUTHORITY

I. **Petitioner Has Not Shown That This Court Has an Independent Basis for Jurisdiction to Adjudicate His Claims Under the All Writs Act.**

Petitioner brought this action under 28 U.S.C. § 1651, which provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

It is well settled that this section, by itself, creates no jurisdiction in the district courts. Rather, it empowers district courts to issue writs in aid of jurisdiction previously acquired on some other independent ground. Brittingham v. Commissioner, 451 F.2d 315, 317 (5th Cir. 1971)[1] (citations omitted).

In the case *sub judice*, Petitioner has not provided the Court with any argument as to how it has independent jurisdiction other than to state that he is requesting the remedy normally afforded an inmate pursuant to 28 U.S.C. § 2255. Petitioner argues that the remedy provided in § 2255 is inadequate and ineffective to provide relief for his claim of actual innocence. While

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Circuit adopted as binding precedent all decisions of the Former Fifth Circuit rendered prior to October 1, 1981.

Petitioner does not contend that this Court has independent jurisdiction pursuant to 28 U.S.C. § 2241, his citation of Triestman suggests this argument. This Court cannot adjudicate Petitioner's motion under § 2241 because petitions for writ of habeas corpus must be filed in the district of incarceration.[2] United States v. Hayman, 342 U.S. 205, 212, 72 S. Ct. 263, 268, 96 L. Ed. 232 (1952). As Petitioner has not provided any independent basis for jurisdiction, his petition for a writ under 28 U.S.C. § 1651 should be dismissed.

## II. Petitioner's Motion, Construed as a § 2255 Petition, Should Be Dismissed As Untimely.

In 1996, Congress amended § 2255 to accelerate the process for motions attacking a sentence. § 2255, as amended by the AEDPA, provides a one year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The Court expresses no opinion as to whether a petitioner who claims actual innocence of the charges can challenge his conviction and sentence pursuant to § 2241.

4

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. While the AEDPA does not define when a judgment becomes final, federal courts have generally interpreted final judgment to mean the point in time when the petitioner has exhausted appellate remedies.[3]

Admitting that Congressional intent is difficult to determine with respect to statutes, at least two legislative purposes can be gleaned from the language of the AEDPA. First, Congress desired to streamline successive petitions pursuant to § 2255 requiring that all available claims be brought in the first petition. Second, in the desire for finality of convictions, Congress intended to create time limits for prisoners to file petitions pursuant to this section.

In the case *sub judice*, Petitioner filed his petition on April 27, 1998. This date is more than one year after the exhaustion of appellate remedies and more than one year after the effective date of the AEDPA. Thus, Petitioner is time-barred from

---

[3] *See* United States v. Bazemore, 929 F. Supp. 1567, 1569, footnote 4 (S.D.Ga. 1996) (stating that "[I]n practice, a § 2255 motion is not filed until a direct appeal is first exhausted").

5

challenging his conviction and sentence under § 2255. Petitioner's motion should be dismissed.

### CONCLUSION

For the above reasons, it is my recommendation that the Respondent's Motion to Dismiss the petition be **GRANTED**. Petitioner's cause of action, filed pursuant to 28 U.S.C. § 1651, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 7th day of July, 1998.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)