IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON HENDERSON,            )
                             )
      Petitioner,            )    CIVIL ACTION NO.: CV214-058
                             )
v.                           )
                             )
UNITED STATES OF AMERICA,    )    (Case No.: CR291-014)
                             )
      Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Wilson Henderson ("Henderson") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, and Henderson filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Henderson was convicted in this Court, after a jury trial, of possession with intent to distribute approximately 173 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Henderson was sentenced to life imprisonment on the first count and five (5) years' imprisonment, to be served consecutively, on count two. (Case No. CR291-14, Doc. Nos. 81, 106). The Eleventh Circuit Court of Appeals affirmed his convictions and sentences. (Id. at Doc. No. 141).

Henderson has filed two (2) prior motions to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255 in this Court, both of which were unsuccessful. (CR291-14, Doc. Nos. 179, 184, 198); (CV298-89, Doc. Nos. 5, 10; CV200-79, Doc. No. 5). Henderson then filed a § 2241 petition, which was dismissed. Henderson has also filed several motions for reduction of his sentence. This Court has denied Henderson's requested relief. (CR291-14, Doc. Nos. 188, 190, 201, 203, 235, 243, 247).

Henderson filed another pleading, ostensibly pursuant to 28 U.S.C. § 2241, and asserted that his trial counsel insisted on going to trial, even after Henderson confessed to having committed the underlying offense. Henderson also asserted that he was prejudiced by counsel's decision because he received a harsher sentence than he would have if he had taken the plea deal that was offered. The undersigned recommended that Respondent's motion to dismiss be granted and that Henderson's motion be denied. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (CV213-50, Doc. Nos. 10, 12).

Henderson now asserts that he should not have received a sentence enhancement and therefore, he should not have been sentenced to life imprisonment. Henderson bases his assertion on Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), which he states was made retroactively applicable to cases on collateral review to challenge inapplicable sentence enhancements. Respondent contends that this Court lacks jurisdiction to entertain Henderson's Motion.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district

2

court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Henderson did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion). "There is, however, a small subset of claims that are not categorized as 'second or successive'— i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). In this regard, the Court notes Henderson's reliance on Spencer. In Spencer, the Eleventh Circuit Court of Appeals held "that a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal can use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue when an intervening case from the

AO 72A
(Rev. 8/82)

Supreme Court validates his argument and applies retroactively." 727 F.3d at 1080. However, the Eleventh Circuit vacated its <u>Spencer</u> decision on March 7, 2014, for rehearing en banc, and the decision provides no basis for Henderson's requested relief. Even if <u>Spencer</u> had not been vacated, Henderson still must adhere to the gatekeeping requirements of section 2244.

Henderson has not shown that the claims raised in this pleading were unavailable to him during his many previously-filed post-conviction motions. Accordingly, Henderson is not permitted to proceed pursuant to 28 U.S.C. § 2255 absent authorization to do so from the Eleventh Circuit Court of Appeals.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Henderson's Motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of July, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE